UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
BRENDA L. O.                  :   Civ. No. 3:19CV00232(SALM)
                              :
v.                            :
                              :
KILOLO KIJAKAZI,[1]           :
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :   September 14, 2021
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
UNDER 42 U.S.C. §406(b) [Doc. #25]**

Plaintiff Brenda L. O. ("plaintiff") has filed a Motion for Attorney's Fees Under 42 U.S.C. §406(b) (hereinafter, the "Fee Motion"). [Doc. #25]. For the reasons set forth below, plaintiff's Fee Motion [**Doc. #25**] is **GRANTED** in the amount of **$22,959.88. The award of $22,958.88 supersedes and replaces the $6,498.50 in attorney's fees previously awarded by the Court on April 7, 2020**. See Doc. #24.

**A.   Background**

Plaintiff filed an application for disability insurance benefits ("DIB") on June 8, 2016. See Certified Transcript of the Administrative Record, Doc. #15, compiled on April 20, 2019, (hereinafter "Tr.") at 633-34. Plaintiff's application was

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of the Social Security Administration on July 9, 2021. She is now the proper defendant. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g). The Clerk of the Court is directed to update the docket accordingly.

1

denied initially on August 29, 2016, see Tr. 535-38, and upon reconsideration on October 24, 2016, see Tr. 544-49. Plaintiff was represented by Trantolo & Trantolo throughout the administrative process, including at the administrative hearing. See Tr. 482, 539. On September 6, 2018, Administrative Law Judge ("ALJ") Dory Sutker issued an unfavorable decision. See Tr. 368-83. On September 21, 2018, Trantolo & Trantolo withdrew from representation because the firm "does not handle post-hearing appeals." Tr. 730. On October 29, 2018, plaintiff retained Attorney Ivan Katz. See Doc. #25-2. On that same date, plaintiff filed a request for review of the ALJ's decision by the Appeals Council. See Tr. 629-32. The Appeals Council denied plaintiff's request for review, making the ALJ's September 6, 2018, decision the final decision of the Commissioner of Social Security ("defendant"). See Tr. 1-4. Plaintiff timely appealed that decision to this Court on February 15, 2019. See Doc. #1.

On March 30, 2020, the undersigned granted plaintiff's motion to remand, see Doc. #21, and entered judgment in favor of plaintiff. See Doc. #22. On April 7, 2020, plaintiff filed a "Stipulation for Allowance of Fees Under the Equal Access to Justice Act[.]" Doc. #23. On that same date, the undersigned approved and so ordered the parties' fee stipulation, for the stipulated amount of $6,498.50. See Doc. #24.

Following remand for further administrative proceedings, ALJ John Aletta conducted a hearing and issued a fully favorable decision on August 10, 2021. See Doc. #25 at 1. On August 22, 2021, the Social Security Administration ("SSA") issued a "Notice of Award" to plaintiff, indicating that plaintiff is "entitled to monthly disability benefits from Social Security beginning May 2016." Doc. #25-1 at 2. The Notice states that the SSA "withheld $22,959.88 from your past due benefits in case we need to pay your representative." Id. at 4.

On August 23, 2021, plaintiff filed the instant Fee Motion. See Doc. #25. The Fee Motion asserts:

> Plaintiff requests that an award of $22,959.88 be made to counsel, representing 25% of the total past-due benefit due to the plaintiff. The undersigned, and the plaintiff, had agreed that the fees charged by the undersigned for the work before the [SSA] and this Court would not exceed 25% of past due benefits (copy attached). The fees sought herein equal 25% of the retroactive benefit awarded to the plaintiff.

Id. at 2 (paragraph numbering omitted).

On September 1, 2021, Defendant filed a Response to Plaintiff's Counsel's Motion for Fees Pursuant to 42 U.S.C. §406(b). See Doc. #26. Defendant "requests the Court determine the timeliness of Plaintiff's counsel's Section 406(b) Fee Petition as well as the reasonableness of the $22,959.88 Section 406(b) fee request[,]" but does not object to the fees sought. Id. at 6.

3

**B.      Legal Standard**

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. §406(b)(1)(A); see also Rodriguez v. Colvin, 318 F. Supp. 3d 653, 657 (S.D.N.Y. 2018). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking

4

the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: "(1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" Sama v. Colvin, No. 3:10CV01268(VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate only "when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

**C.   Discussion**

The Court begins with a review of the Retainer Agreement entered into by plaintiff and Attorney Katz on October 29, 2018. See Doc. #25-2. In the Retainer Agreement, plaintiff agreed that, if she were to receive an award of past-due benefits, the attorney fee would, in most circumstances, be "twenty-five percent (25%) of all past-due benefits awarded" to her. Id. The Retainer Agreement expressly provides for payment of such a percentage whether plaintiff prevails "without the involvement of the U.S. Courts" or after success in the court system. Id. Indeed, the Retainer Agreement acknowledges that a higher percentage could be sought by counsel after a remand by the Court. See id. Considering the plain language of the Agreement, and the factors set out in Sama, discussed below, the Court finds the requested fee reasonable.

First, there is no evidence that the proposed fee is out of line with the "character of the representation and the results the representation achieved[.]" Sama, 2014 WL 2921661, at *2 (citation and quotation marks omitted). Plaintiff's counsel achieved a fully favorable result for plaintiff by securing a remand to the administrative level and thereafter obtaining an award of past-due benefits.

Second, there is nothing to suggest that plaintiff's counsel unreasonably delayed the proceedings in an attempt to

6

increase the accumulation of benefits and increase his fee. Although counsel sought one extension of time in this matter, the requested extension was for just ten days. See Doc. #17.

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama, 2014 WL 2921661, at *2 (citation and quotation marks omitted). Plaintiff's counsel spent 31.7 hours working on this case. See Doc. #25 at 5. The EAJA fees previously awarded in this action totaled $6,498.50 for 31.7 hours of work. See Doc. #24 at 6. The fee now requested pursuant to 406(b) -- $22,959.88 -- translates to an hourly rate of $724.28. "Other section 406(b) fee awards that have been approved in this Circuit regularly approximate $800 per hour." Vogth-Eriksen v. Berryhill, No. 3:16CV01114(SALM), 2018 WL 6322611, at *2 (D. Conn. Dec. 4, 2018) (collecting cases); see also Deleon v. Berryhill, No. 3:16CV02130(WWE), 2019 WL 2191150, at *1 (D. Conn. Apr. 17, 2019) (The requested "hourly rate of $725.56 ... falls well within the standard of reasonableness approved by district courts within the Second Circuit for Section 406(b) fees."). The Court finds that the fee now requested pursuant to section 406(b) is reasonable and would not be an inappropriate windfall to plaintiff's counsel.

Accordingly, the requested attorney's fees in the amount of $22,958.88 will be awarded to plaintiff's counsel.

**D.     Conclusion**

For the reasons set forth herein, plaintiff's Motion for Attorney's Fees Under 42 U.S.C. §406(b) [**Doc. #25**] is **GRANTED**. Plaintiff's counsel is awarded attorney's fees in the amount of **$22,958.88. The award of $22,958.88 supersedes and replaces the $6,498.50 in attorney's fees previously awarded by the Court on April 7, 2020.** See Doc. #24.

Upon receipt of the amended award, Attorney Katz is ordered to refund to plaintiff the amount of **$6,498.50,** and to thereafter file a certification on the docket that he has done so.

It is so ordered at New Haven, Connecticut this 14th day of September, 2021.

 /s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE